In the Matter of the

**ESTATE OF EMILY CREQUE, Deceased**

Probate No. 10-1960

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 20, 1966

---

BAILEY and WOOD, ESQUIRES (WILLIAM W. BAILEY, ESQ., of counsel), St. Thomas, Virgin Islands, *for petitioner Cleone Creque Sewer*

BIRCH, MADURO and DEJONGH, ESQUIRES (JOHN L. MADURO, ESQ., of counsel), Charlotte Amalie, Virgin Islands, *for the Estate of Henry Creque*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for children of Isabel Shupe*

GEORGE A. MENA, *Commissioner*

I have reviewed and carefully considered the Motion, Briefs in opposition thereto, the Will of Emily Creque and the Opinion of the Third Circuit in the Heyn's Estate, and find that the Motion should be dismissed, for the following reasons:

332

1. Cleone Creque Sewer was born on November 3, 1937. She was adjudicated the daughter of Henry O. Creque on June 23, 1964, in his estate, and entitled to share in his estate.

2. Henry O. Creque died on May 18, 1957, intestate. His estate is still in probate.

3. Emily Creque, mother of Henry O. Creque, died February 5, 1960, testate, providing in her will executed August 18, 1958, as follows:

"1/5th to the children of my deceased son, Henry O. Creque, namely; Henry Owen Creque, Henrietta Olga Creque, Marjorie Isabel Creque, Sally Evangeline Creque, Anthony Creque, William Creque, Juliet Creque, share and share alike."

4. The Motion To Reopen Adjudication in the Estate of Emily Creque prays for an adjudication declaring Cleone Creque Sewer is a child of decedent's deceased son, Henry O. Creque, entitled to a pro-rata share of the residuary bequest in Article VII of 1/5th of decedent's (Emily Creque's) Estate; also, praying for allowance and distribution to Cleone Creque Sewer of said pro-rata share of said residuary estate.

I am in agreement with the decision in the Heyn's Estate, 4 V.I. 97. In that estate the son pre-deceased his mother and left a will in her favor. This is not so in the Henry O. Creque's Estate. Henry died intestate. Henry's mother, Emily Creque, is entitled to nothing in his (Henry's) estate. Nothing from Henry's estate will go to his mother or her estate. I agree that the adjudicated daughter in the Heyn estate, Elvera Henderson, could follow the father's property in his mother's estate. There is no property of Henry in his mother's estate, and none to be so adjudicated.

The decedent Emily Creque had a right to will her property to whomsoever she pleased. She was under no legal

obligation to will anything to any child or grandchild of hers, but, when she did so, and specified unequivocally in her will what child and grandchildren she had in mind, her will must govern as her intent is unambiguous and clear. It is noted that all of Emily Creque's children and grandchildren she provided for in her will were legitimate. The Court has no right, as I see it, to decide for her that an illegitimate child of her son should inherit in *her estate*.

The Commissioner therefore recommends that the motion to reopen adjudication in the Estate of Emily Creque, Deceased, be dismissed.